Ruth S. Cory, Administratrix of the Estate of Clara M. Smith
vs.
Massachusetts Mutual Life Insurance Company

Law No. 90269.

July 17, 1933.

WALSH, J. This is an action by the administratrix of the estate of Clara M. Smith, beneficiary named in three life insurance policies issued by defendant company upon the life of James Smith, husband of said Clara M. Smith. James Smith, the insured, died on February 21, 1932, and proof of his death and proof of claim under the policies in due form are admitted by defendant. Clara M. Smith, the wife and beneficiary aforesaid, deceased March 25, 1932, and proof of her death and proof of appointment of plaintiff as administratrix upon her estate are admitted by defendant. No proof of the allegations in the third count of the declaration was adduced by the plaintiff upon trial and she expressly waived her right to recover thereon in open court.

The two policies upon which claim is now made by plaintiff are as follows: Policy No. 178945, a 20 payment life policy upon the left of James Smith, issued February 10, 1903, in the amount of $5,000; Policy No. 198481, a 20 payment life policy upon the life of James Smith, issued September 15, 1904, in the amount of $5,000. It is admitted that the premiums for the full 20 year period have been paid on both policies. Each of these policies contained the following provision relative to loans:

"Loans. On the third or any subsequent anniversary of the date of this policy, and at other times at its convenience, the Company will loan upon this policy, when the same is legally assigned and delivered as security for such loan (the assignment to be upon the Company's prescribed form), an amount which, together with then existing loans, if any, shall not exceed ninety per cent. of the cash surrender value; provided, that all premiums due on or before the date of making such

loan shall have been duly paid; and, further, that no loan of less than fifty dollars will be made."

On January 28, 1926, James Smith borrowed from the Company $3,000 on each of these policies and signed a *loan certificate* or *loan agreement* containing certain conditions not incorporated in the original policy, viz.: (second clause) "* * * in case said interest shall not be paid when due, it shall be added to and become part of the principal of said loan and shall thereafter be subject to the same rate of interest * * *"; (third clause) "* * * that as security for said indebtedness, the said policy * * * *and all sums of money due or to become due thereunder* * * * are hereby assigned to the Company"; (fourth clause) "It is further expressly agreed that if at any time the total indebtedness against said policy, whether represented by this certificate or any other evidence of indebtedness, shall equal or exceed the then cash value of said policy, a default shall be deemed to have occurred in the repayment of said loan and said policy shall become void * * * ". The Company claims that this is the prescribed form of assignment referred to in the original policy.

The defence is that both these policies became void under the terms of this loan certificate long before the death of James Smith. The evidence introduced by defendant tended to show that on July 14, 1929, the cash surrender value of policy No. 178945, including all credits due thereon up to said date, was $3,681.26; that on said date there was due and owing to the Company on policy No. 178945 and the loan certificate the sum of $3,681.47; that on May 9, 1929, the cash surrender value of policy No. 198481, including all credits due thereon up to said date, was $3,642.43; that on said date, there was due and owing to the Company on policy No. 198481 and the loan certificate the sum of $3,642.59; that on July 15, 1929, the Company sent a notice to insured in accordance with the terms of the loan certificate, stating that policy No. 178945 would become void on August 16, 1929, if the payments in accordance with the terms of the policy and loan certificate were not made by insured; that on May 9. 1929, a similar notice pertaining to policy No. 198481, stating that said policy would become void on June 10, 1929, was sent to insured; that no attention was paid to these notices by the insured and that the policies became void as of the dates mentioned.

The plaintiff argues that the terms in the policies relative to voiding the policies and charging of interest on interest overdue are not authorized by the policies and are therefore without consideration; that said terms are against the public policy of Massachusetts, whose law governs the contracts in suit; that the dividends were not applied according to the terms of the policies or according to law; that the defendant should have pro rated the dividends for the year in which the policies were cancelled and that the interest was not computed in accordance with the terms of the loan certificate.

From a careful examination of many cases, we are forced to the conclusion, sustained by a great weight of authority, that where the cash surrender value allowed by the insurer is the actual surrender value and not one arbitrarily fixed, the right of an insurer to cancel a paid up policy for the nonpayment of a loan is generally sustained under loan agreements giving the insurer a right upon default to cancel the policy, apply the surrender value to the satisfaction of the loan and pay the balance to the insured. The loan certificate was not unconscionable or oppressive and was not against the public policy of Massachusetts. The defendant applied all dividends under the policies in accordance

with the written instructions of the insured and they were applied in conformance with the policies and with the law. There was no duty on defendant to pro-rate the surplus for the year in which the policies were cancelled, for insured had no right to a contribution of surplus until the Board of Directors of defendant voted a contribution to surplus and then only if the policies were in full force and effect. At the time of said vote by the Board of Directors, the policies held by James Smith had been cancelled and he had no right to a share in said surplus.

James Smith lived for about two years after the cancellation of these policies by the defendant. There is no proof that he was not of sound mind or was incapable of understanding the legal effect of his default. We can conceive of no sound reason upon which the defendant can be deprived of its right to rely and act upon the terms of its contract according to the clear import of the language employed. This is not a forfeiture of the policies but a performance of a contract between the parties.

Decision for defendant for costs.

For plaintiff: Hinckley, Allen, Tillinghast, Phillips & Wheeler.

For defendant: Walling & Walling.